BOLIN, Judge.
James L. Smith was killed instantly in an automobile accident on his 38th birthday, leaving his wife, Joy, to whom he had been married 19 years, and a 14-year-old adopted *314 son, Raymond. The widow, individually and on behalf of her son, brought a wrongful death action against Jones Truck Lines and its insurer. Liability and insurance coverage in excess of the demands were conceded and the case was tried solely on the issue of quantum. For written reasons the trial court rendered judgment in the following amounts:

Plaintiff appeals seeking an increase in the award and defendant answers the appeal seeking a decrease. We amend the judgment to increase the award to the widow, individually and on behalf of her son, from $40,000 to $60,000 for loss of future support.
The only issue is whether or not the trial judge in fixing the amount of the awards abused the much discretion vested in him under Louisiana Civil Code Article 1934(3).
In his written reasons the trial judge said of the Smith family:
“Without doubt theirs was a close and enduring relationship and they were partners in all aspects of life, both working diligently toward family goals. .
While there appears nothing superior or extravagantly remarkable about their lives, the very simplicity and normalcy of it speaks eloquently of the trauma which plaintiff and her son have Suffered in their loss.”
These observations of the trial judge are amply supported by the record.
It is difficult for a trial court to place a monetary value upon the loss of love and affection which results when a member of a close knit family dies. It is even more difficult for an appellate court to determine if the trier of facts abused his much discretion in fixing the amount of the award. Beginning with the landmark case of Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) and continuing to the latest case of Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), our Supreme Court has attempted to clarify what constitutes an abuse of much discretion. Throughout the cases runs one unmistakable pronouncement as related to appellate review, i. e., an award may not be altered simply because the reviewing court would have made a different award if it had been the trier of facts.
From our study of the cold record in this case we would award more than $32,-000 to the widow and $16,000 to the son as general damages for loss of love and affection. However, since we are unable to set forth any facts to justify a conclusion that the trial judge abused his discretion in fixing the awards, they are affirmed.
Turning to the award for loss of future support, the record reflects decedent had been employed for more than ten years as a laborer for the highway department. Testimony indicated that he was a dependable and steady worker. He was earning $5100 per year at the time of the accident and had he been in the same classification at the time of trial his annual salary would have been $7140. Plaintiff testified that, although she went to ‘work in 1969, decedent presented her with his entire check each month. She would then give decedent any money he needed. She stated she used his money to pay the bills and saved most of the money she earned. Decedent being 38 years old at the time of his death, had a life work expectancy of at least 25 years.
We find an award of $40,000 to the widow and son for loss of support is so inadequate as to constitute an abuse of discretion. Where the amount is to be increased the reviewing court should only raise the award to the lowest amount which it would have affirmed. Coco, supra. We conclude the sum of $60,000 for loss of support would have been a conservative award, which amount we adopt and apportion $50,000 to the widow and $10,000 to the son.
*315 The judgment is amended to increase the a\frard in favor of plaintiff individually from $67,000 to $82,000; and the award to plaintiff on behalf of her minor son from $21,000 to $26,000. As thus amended the judgment is affirmed. Cost of this appeal is assessed against appellees.